**In re Don KERST and Theresa Kerst.**

No. 06–07–00111–CV.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 15, 2007.

Decided Oct. 26, 2007.

John R. Mercy, Mercy Carter Tidwell, LLP, Kyle B. Davis, Langdon & Davis, Texarkana, for relator.

Patrice Savage, Gwen Loden Protho, Dept. of Family & Protective Services, Longview, Johnnie Beth Page, Director of Program Litigation, Austin, for real party in interest.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice CARTER.

Don and Theresa Kerst have filed a petition for writ of mandamus asking us to order the Honorable Scott McDowell, District Judge of the 62nd Judicial District Court in Hopkins County, to transfer venue of a suit affecting parent-child relationship (SAPCR) to Bowie County, Texas.

## I. Facts and Procedural Background

In the underlying suit, the Texas Department of Family and Protective Services (Department) sought and obtained termination of the parental rights of the children involved. The Department placed the three children, ages three, four, and five, with the Kersts. Apparently, some disagreement occurred between the Kersts and the Department and the children were removed from the Kersts' home. The Kersts filed, in the Hopkins county court of continuing jurisdiction, a motion to modify conservatorship and a motion to transfer the case to Bowie County as to two of the three children.[1] The petition alleged that the children had lived with them, in Bowie County, for more than six months. The Department filed an "Affidavit Controverting Motion to Transfer." No challenge was made to the Kersts' assertion that the children had lived with them in Bowie County for more than six months, but the Department alleged the forum would not be convenient to the witnesses. At the hearing, it was undisputed that the children had lived with the Kersts in Bowie County, Texas, for approximately seventeen months. After a hearing on the motion to transfer, the court denied the motion to transfer.

The Kersts argue that, because the children have resided solely in Bowie County

---

1. Adding to the difficulty, the Kersts filed an original suit for adoption of the two children in Bowie County before filing the motion to modify and transfer in Hopkins County. In that petition, it was alleged that no court had continuing jurisdiction of this case, which was blatantly wrong. At the hearing on the motion to transfer, the Kersts' trial attorney assumed responsibility for pleading that no other court had jurisdiction and admitted it was erroneous and apologized to the court. The attorney further stated that he had filed the Bowie County action as an emergency proceeding pursuant to Section 152.204 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 152.204 (Vernon 2002). That section is a part of the Uniform Child Custody Jurisdiction and Enforcement Act which governs the jurisdiction of children when there is a question concerning which state has jurisdiction of a child. Section 152.204 allows a court in Texas to assume jurisdiction of a child if the child is present in Texas and has been abandoned or subjected to mistreatment or abuse. Here, a Texas court undisputedly had jurisdiction of the children—if a true emergency existed, that court was the proper one to act. While this original adoption filing in Bowie County may have, understandably, caused irritation, in the analysis of this motion to transfer, it is irrelevant.

for over six months, the transfer was mandatory, and we should direct the trial court to follow the mandate of the statute. *See* TEX. FAM.CODE ANN. § 155.201(b) (Vernon Supp.2006). The statute reads as follows:

> (b) If a suit to modify or motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall transfer the proceeding to another county in this state if the child has resided in the other county for six (6) months or longer.

The Department's response at the trial level was that forum non conveniens should prevent the case from being transferred. The attorney ad litem for the children in Hopkins County filed a letter with the district court in which he also contested the transfer, based on his belief that, during a prospective placement situation, residency could not attach to the locale where the children reside, but should remain with the original court.

## II. Standard of Review

■ A writ of mandamus will only issue to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no adequate remedy by appeal, and the relators have the burden to present the appellate court with a record sufficient to establish the right to mandamus relief. *Walker v. Packer,* 827 S.W.2d 833, 837–39 (Tex.1992) (orig.proceeding). An erroneous denial of a mandatory venue transfer is subject to mandamus relief without a showing of inadequate remedy by appeal. *In re Tex. Ass'n of Sch. Bds., Inc.,* 169 S.W.3d 653, 656 (Tex.2005); *see* TEX. FAM.CODE ANN. § 155.204(h) (Vernon Supp.2006) (providing that denial of man-

datory transfer is not subject to interlocutory appeal).[2]

■ Transfer of a SAPCR action to a county where the child has resided for more than six months is a mandatory ministerial duty under Section 155.201(b) of the Texas Family Code. *Proffer v. Yates,* 734 S.W.2d 671, 672 (Tex.1987) (orig.proceeding); *In re Leder,* No. 01–07–00453–CV, —— S.W.3d ——, ——, 2007 WL 1953877, at *2 (Tex.App.-Houston [1st Dist.] July 6, 2007, orig. proceeding). Mandamus relief is available to compel the mandatory transfer of a SAPCR action. *Proffer,* 734 S.W.2d at 672.

## III. The Department's Contentions

Even though it is undisputed that the children the subject of the underlying SAPCR action had lived with the Kersts in Bowie County more than six months, the Department suggests several reasons that the Court should deny the petition for writ of mandamus.

### A. Forum Non Conveniens

The stated reason in the controverting affidavit was based on forum non conveniens. The Department has not presented any authority, nor have we found any, that forum non conveniens may be relied on to deny the mandatory transfer of the proceedings.

### B. Legislative Intent

At oral argument, the Department urged that the Legislature never intended for proceedings to be transferred to the county where the foster parents resided with the children. The argument is that, until the statute was amended, foster parents had no standing to assert these rights and, when the Legislature granted such standing, it was not contemplated that fos-

---

**2.** Courts have held that, in a SAPCR action, the Texas Family Code's transfer provisions supplant the Texas Rules of Procedure and

venue statutes, which govern venue challenges in other types of civil cases. *Leonard v. Paxson,* 654 S.W.2d 440, 441 (Tex.1983).

ter parents would be allowed to seek and obtain a transfer to the county where they resided with the children. The Department did not furnish any legislative history to substantiate that position. Statutory construction is a legal question that we review de novo, ascertaining and giving effect to the Legislature's intent as expressed by the plain and common meaning of the statute's words. *F.F.P. Operating Partners, L.P. v. Duenez,* No. 02–0381, 237 S.W.3d 680, 683, 2007 WL 1376357, 2007 Tex. LEXIS 432 (Tex. May 11, 2007) (citing *Tex. Dep't of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 642 (Tex.2004)). If a statute's meaning is unambiguous, we generally interpret the statute according to its plain meaning. *City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 25–26 (Tex.2003). The statute requiring the mandatory transfer of a SAPCR action to the county where the child has resided for six months or longer is straightforward and clear. *See Dallas County Cmty. College Dist. v. Bolton,* 185 S.W.3d 868, 874 (Tex.2005) ("we decline to imply a legislative intent that is not reflected in the language of the statute...."). Finding the statute's meaning to be clear and unambiguous, we decline to accept the Department's invitation to surmise that the statute has some other meaning.

## C. Proper County for Transfer

The Department further argues that Bowie County is not a proper county for the transfer because the Kersts could not file an original SAPCR action there. Citing Section 103.001 of the Texas Family Code, the Department argues that Bowie County would not be a county of proper

venue for the Kersts to file an original petition, and therefore it was not a proper county for transfer. However, this is not an original filing, but a motion to modify and transfer. To support its argument, the Department cites *Pratt v. Texas Department of Human Resources,* 614 S.W.2d 490 (Tex.App.-Amarillo 1981, writ ref'd n.r.e.). At the time *Pratt* was decided, the transfer statute required a showing that venue was proper in another county.[3] In *Pratt* the Amarillo court found that the "length of residence in Potter County is immaterial, however, until venue has been established under one of the subdivisions of section 11.04" (the statute governing filing of original SAPCR petitions). *Id.* at 493. Since *Pratt* was decided, the statute has been amended and Section 155.201(b) no longer requires a showing by the movant that he or she would be entitled to file an original petition in the court to which the case is being transferred. It merely states that the court "shall ... transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer."

## D. Residency

■ Finally, the Department argues that the children did not "reside" in Bowie County, but were placed there merely for foster care (even though the Kersts have been attempting to adopt).[4] In these circumstances, we believe the children "resided" with the Kersts for the requisite time.[5] These children had only one home for the past sixteen months—with the Kersts. It cannot be argued that they were only temporarily absent from another, more permanent residence, since these children had no

---

3. *See* Tex. Fam.Code Ann. § 11.06 (Vernon 1986) (repealed) ("the court shall transfer the proceeding to the county where venue is proper....").

4. According to the Court Appointed Special Advocate (CASA) report of September 21,

2007, the children were placed with the Kersts as "foster/adopt placement."

5. We look to a child's principal residence during the six-month period preceding the commencement of the suit. Tex. Fam.Code Ann. § 155.203 (Vernon 2002).

other home or residence. Their natural parents' rights had been terminated. The only home these children had was with the Kersts. The only case which has facts similar to this is *In re Gore*, No. 07-07-00290-CV, 2007 WL 2403366 (Tex.App.-Amarillo Aug.23, 2007, orig. proceeding). In *Gore* the child had lived with foster parents in Swisher County for more than six years. The Amarillo court held that, since it was undisputed that the child "had resided in Swisher County for more than six months," it was proper to transfer the case to Swisher County. *Id.* Likewise, we believe that these children had resided in Bowie County for more than six months.[6]

Accordingly, Relators' petition for writ of mandamus is conditionally granted and Respondent is directed to issue an order transferring the proceeding concerning the two involved children to Bowie County. Because we are confident that Respondent will enter an order to that effect, we will issue the writ only if he fails to do so.

---

6. Neither party has argued the effect of Section 153.371(10), which gives to the authorized agency having managing conservatorship of a child the right to "designate the primary residence of the child...." Generally, one designates residence by selecting a home and living in it. Here the Department designated that the children would live at the Kersts' home, where they remained for seventeen months. It was their principal residence for the six-month period preceding the commencement of the suit to modify. *See* Tex. Fam.Code Ann. § 153.371(10) (Vernon Supp. 2006).