In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00076-CR


______________________________




DEDRICK DEAN MATTHEWS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 114th Judicial District Court


Smith County, Texas


Trial Court No. 114-0921-07




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Dedrick Dean Matthews was convicted by a Smith County jury of felony bail jumping. (1) See
Tex. Penal Code Ann. § 38.10(a), (e) (Vernon 2003). Matthews did not elect to have the jury set
punishment and, having announced "true" to a prior felony conviction, Matthews's sentence was
enhanced from a third-degree felony to a second-degree felony. See Tex. Penal Code Ann.
§ 12.42(a)(3) (Vernon Supp. 2008). Matthews was assessed a sentence of eighteen years'
confinement with the Texas Department of Criminal Justice-Correctional Institutions Division and
a fine of $5,000.00. 

 Matthews has appealed, raising two points of error: (1) he complains of error in having
allowed evidence of an extraneous offense to be admitted, and (2) he maintains that it was error for
the trial court to have refused to allow his court-appointed attorney to withdraw.

EXTRANEOUS OFFENSE

 Matthews, in Texas as a New Orleans evacuee after the Katrina hurricane, had been charged
with the felony offense of felon in possession of a firearm on November 9, 2006, and was released
on an instanter bond on November 19, 2006. When Matthews's case was called for trial on April 5,
2007, he failed to appear. 

 Matthews urges that the admission of evidence concerning the original charge (i.e., the felon
in possession of a firearm) was inadmissible because of the prejudicial effect the charge had upon
the jury, citing Rule 403 of the Texas Rules of Evidence, which states that relevant evidence may
be excluded if its probative value is substantially outweighed by the danger of unfair prejudice,
confusion of the issues, misleading the jury, or by considerations of undue delay or needless
presentation of cumulative evidence. Tex. R. Evid. 403.

 Although Matthews acknowledges that the weighing of deleterious effects of allowing such
relevant evidence against the probative value of it is a matter which lies in the discretion of the trial
court, he further correctly observes that the courts of appeals may reverse a trial court's determination
if an abuse of discretion is shown, citing Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim. App.
2001). The Powell case which Matthews cites is also illustrative of the standard of review to be
applied: an appellate court is to "uphold a trial court's admissibility decision when that decision is
within the zone of reasonable disagreement." Id.

 Matthews raises this complaint for the first time on appeal. No objection regarding this was
lodged at the time of trial or in a hearing on a motion for new trial. In order to preserve a complaint
for appellate review, the record must reflect that the complaint was brought to the attention of a trial
court in accord with applicable rules by a timely request, objection, or motion which specifically
sets out the nature of the complaint in a sufficiently comprehensible manner that it informs the trial
court of its nature and basis and obtained either an adverse ruling or a refusal to rule. Tex. R. App.
P. 33.1(a). Matthews failed to do so and has, therefore, failed to preserve any alleged error for
appeal. 

 Even if he had, the argument which Matthews advances misses the point. The offense with
which Matthews was charged is based upon the initial premise that he had been "lawfully released
from custody, with or without bail, on condition that he subsequently appear." See Tex. Penal
Code Ann. § 38.10(a). Had he not been charged with a crime, he could not have been lawfully in
custody at the outset. Therefore, in order for the State to prove that he had been lawfully discharged,
it must first prove that he was lawfully in custody. Without offering that evidence, the State could
not prove the offense with which he was charged.

 Subsections (d), (e), and (f) of Article 38.10 define the level of the offense. Unless
subsections (e) or (f) apply, the failure to appear is a class A misdemeanor; subsection (e) lowers the
level of the crime to a class C misdemeanor if the underlying offense for which the accused did not
appear is punishable by a fine only, and subsection (f) raises the offense to a felony if the underlying
offense was a felony. Accordingly, one of the elements which the State had to prove in Matthews's
case was that the offense for which Matthews failed to appear was a felony offense. Had the State
not proven the level of the underlying offense (i.e., the offense with which Matthews had been
charged when released and subsequently failed to appear), an integral part of the offense for which
Matthews was then on trial would have remained unproven.

 In other words, had the State shown that Matthews failed to appear in court on April 5, 2007,
without also showing that he had an obligation to appear, it would have not proven that an offense
occurred. If the State had not shown that the original crime with which he was charged was a felony,
it would have failed to prove the level of the offense he was alleged to have committed. 

 "[E]vidence of extraneous offenses that are indivisibly connected to the charged offense and
necessary to the State's case in proving the charged offense may be admissible as relevant evidence
to explain the context of the offense for which the defendant is on trial." Lockhart v. State, 847
S.W.2d 568, 571 (Tex. Crim. App. 1992). "Moreover, proof of another offense is admissible if it
is a part of the offense on trial." Euziere v. State, 648 S.W.2d 700, 703 (Tex. Crim. App. 1983)
(citing Kinsey v. State, 639 S.W.2d 486, 490 (Tex. Crim. App. 1982)).

 Because no error was preserved for appeal and because it was not error to have admitted
evidence of the underlying offense, we overrule this point of error. 

REFUSAL TO ALLOW ATTORNEY TO WITHDRAW

 Matthews was generally dissatisfied with almost everything which occurred before and
during his trial. (2)

 The case was originally set for trial February 13, 2008. At that time, Matthews's court-appointed attorney filed an application to withdraw from the case, a move which Matthews
enthusiastically endorsed. At that time, Matthews's attorney told the trial court, "[M]y relationship
with Mr. Matthews has become extremely antagonistic, and I don't believe, in all honesty, that I
could represent him effectively." After the trial court refused the request to withdraw, Matthews
emphasized that he agreed with the application to withdraw, stating, 

 Your Honor, I was going to come in here and say the same thing under the Failure
to Defense Act (sic). He never came to see me or nothing. Every time he come [sic]
in here, you asked him questions, he had excuses, you know what I'm saying? I
asked him to come see me. Once he made an excuse, like twice. Then I asked him
to come see me, because I wanted to file some motions. He never came to see me. 
Last night he came to see me, threatened me with what the district attorney presented
to him and told me that the district attorney said that I might not be guilty of the
gunshots, but they'll convict me of the other charge.


 During the penalty phase of the trial, Matthews complained that his counsel had not filed
motions that he wanted to have filed. Also, after the jury had found Matthews guilty and had been
dismissed, Matthews then said that his counsel had not properly informed him of his ability to have
the jury assess punishment. On a number of occasions, Matthews complained that his attorney had
not communicated with him before trial. There is further evidence in the record of the continued
disagreement between Matthews and his attorney; against the advice of his attorney, Matthews
elected to take the stand and testify during the penalty phase of the trial. 

 Matthews's trial counsel, in requesting that he be allowed to withdraw, indicated to the court
that his relationship with Matthews had become "extremely antagonistic" and that he believed that
the conflict had impaired his ability to represent Matthews effectively.

 The trial court has discretion to determine whether counsel should be allowed to withdraw
from a case. King v. State, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). Personality conflicts and
disagreements concerning trial strategy are typically not valid grounds for withdrawal. Solis v. State,
792 S.W.2d 95, 100 (Tex. Crim. App. 1990) ("Appointment of new counsel is a matter solely within
the discretion of the trial court."). Even in a situation wherein the defendant had smashed a water
pitcher into the face of his appointed counsel during a prior trial, the courts have determined that a
personality conflict did not dictate that the attorney be allowed to withdraw. Culverhouse v. State,
755 S.W.2d 856 (Tex. Crim. App. 1988). 

 Even though Matthews expressed displeasure in the quality and quantity of legal
representation he was afforded, his trial counsel explained in detail that he had visited with Matthews
before trial sufficiently to advise him and prepare for trial. Counsel also pointed out that he had told
Matthews that he believed that the court would likely assess a lesser penalty than a jury; upon
hearing that, Matthews had agreed to place the issue of punishment before the court. Although
Matthews mentioned motions which he wanted to have filed, he did not specify the nature of these
motions or what results he was attempting to achieve in filing them. The record reveals that
Matthews's trial counsel filed a motion for continuance and a motion to quash the indictment and
participated in two hearings on those motions. 

 Although it was not listed as a separate point of error, Matthews maintains within this point
that because of the circumstances, the refusal of the trial court to allow his counsel to withdraw
operated to deny Matthews an effective attorney-client relationship, denying him his right to due
process of law. (3) Other than this broad and imprecise claim of ineffective counsel, Matthews cites
no resulting harm for the trial court's refusal to allow counsel to withdraw and none can be perceived.

 The standard of testing claims of ineffective assistance of counsel is set out in Strickland v.
Washington, 466 U.S. 668 (1984). To prevail on this claim, an appellant must prove by a
preponderance of the evidence (1) that his or her counsel's representation fell below an objective
standard of reasonableness and (2) that the deficient performance prejudiced the defense. Id. at 689;
Rosales v. State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet this burden, the appellant
must prove that the attorney's representation fell below the standard of prevailing professional norms
and that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial
would have been different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Under this
standard, a claimant must prove that counsel's representation so undermined the proper functioning
of the adversarial process that the trial cannot be relied on as having produced a just result. 
Strickland, 466 U.S. at 686. 

 Matthews's claim of ineffective counsel is a general one, citing specific complaints of things
with which he was dissatisfied, those being that (1) he wanted motions filed and (2) there was a lack
of effective communication. However, a motion to quash the indictment was filed and Matthews
was nonspecific regarding any other motions which he might have believed would have bettered his
cause; Matthews's trial counsel related to the court that there had been sufficient opportunities for
communication for him to prepare for trial. 

 The burden is on the defendant to prove ineffective assistance of counsel by a preponderance
of the evidence from allegations firmly founded on the record. Rodriguez v. State, 899 S.W.2d 658,
665 (Tex. Crim. App. 1995). Matthews offers no such proof and the record demonstrates that his
counsel provided good representation under difficult circumstances, considering the demeanor which
Matthews demonstrated. 

 Even if it had been error for the court to refuse to allow Matthews's counsel to withdraw and
appoint another attorney to represent him (which it was not), Matthews has failed to show any harm
which resulted to him. 

 We affirm the judgment.



 Bailey C. Moseley

 Justice


Date Submitted: October 29, 2008

Date Decided: November 21, 2008


Do Not Publish


1. Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court
by the Texas Supreme Court pursuant to its docket equalization efforts. See Tex. Gov't Code Ann.
§ 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court
of Appeals and that of this Court on any relevant issue. See Tex. R. App. P. 41.3.
2. In addition to his displeasure with the conduct of his attorney, Matthews refused to allow
his fingerprints to be duplicated at trial, resulting in a struggle which broke three legs off a table in
a jury room. His continued disruptions became so onerous during the penalty phase that the trial
court ordered him bound and gagged for a period of time. 
3. Although this renders this point of error multifarious, since there is otherwise no argument
that the refusal to allow the attorney to withdraw caused any harm, we will nevertheless address this
issue in the interest of justice.


Hidden="false"
 UnhideWhenUsed="false" QFormat="true" Name="Subtle Reference"/>
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00057-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

CANDI
COOPER

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Candi Cooper, proceeding pro se, has
filed a petition for writ of mandamus asking this Court to order the Honorable
Paul Banner, sitting for the 115th Judicial District Court of Upshur County,
Texas, to grant her motion to transfer venue in a suit affecting the
parent-child relationship.  Cooper and
David Johnston were divorced February 21, 2007, and appointed joint managing
conservators of Z.B.J., a minor child. 
Although the divorce decree specified the residence of Z.B.J. would be
Upshur County or a contiguous county, Cooper and Z.B.J. moved to Austin, Texas,
in August 2008.  Johnston agreed to the
move and agreed to secure an amended order permitting the residence of Z.B.J.
to be established in Austin, Texas. 
Johnston, though, never obtained the amended order.  According to Coopers petition, Johnston
filed, in Upshur County, a temporary restraining order alleging the use of
marihuana by Coopers current husband endangered Z.B.J.   Coopers petition states that a motion to
transfer venue was filed under Section 155.201 of the Texas Family Code, which
provides for mandatory transfer of venue if the child has resided in the other
county for six months or longer.  See Tex.
Fam. Code Ann. § 155.201 (Vernon 2008).   After a hearing on the motion to transfer
venue, the trial court denied the motion. 


            Mandamus issues only when the
mandamus record establishes (1) a clear abuse of discretion or the violation of
a duty imposed by law and (2) the absence of a clear and adequate remedy at
law.  Walker
v. Packer, 827 S.W.2d 833, 83940 (Tex. 1992); see In re Columbia Med. Ctr.
of Las Colinas, 290 S.W.3d 204, 207 (Tex. 2009).  Under the appropriate circumstances, mandamus
may be an available remedy when a trial court fails to grant a motion to
transfer venue under Section 155.201 of the Texas Family Code.  See Tex. Fam. Code Ann. § 155.201, § 155.204(h)
(Vernon Supp. 2009); In re Kerst, 237
S.W.3d 441, 442 (Tex. App.Texarkana 2007, orig. proceeding); In re Compton, 185 S.W.3d 526, 530 (Tex.
App.Houston [14th Dist.] 2006, orig. proceeding).  

            Cooper, the relator, has failed to
provide this Court with a sufficient record. 
It is the relators burden to provide this Court with a sufficient
record to establish the right to mandamus relief.  Walker,
827 S.W.2d at 837; In re Pilgrims Pride
Corp., 187 S.W.3d 197, 19899 (Tex. App.Texarkana 2006, orig. proceeding);
see Tex.
R. App. P. 52.3.  The record
accompanying Coopers petition for writ of mandamus consists of only the
transcript of the hearing and three exhibits that were introduced during the
hearing.  While the petition does contain
an appendix, the appendix does not include a certified or sworn copy of any
order complained of, or any other document showing the matter complained of.  See
Tex. R. App. P. 52.3(k)(1)(A).  The appendix to Coopers petition contains
only a copy of Section 155.204 of the Texas Family Code and a partial copy of a
Child Protective Services (CPS) report. 
Cooper has failed to provide this court with a copy of the motion
complained of, the motion to transfer venue and the controverting affidavit, if
any.   See Tex. R. App. P.
52.3(k).  We cannot evaluate Coopers
petition for writ of mandamus without these documents.  We further note the petition does not certify
that a copy was served on all parties to the proceeding.  See Tex. R. App. P. 9.5.  

 

            For the reasons stated, we deny
Coopers petition for writ of mandamus.

 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date
Submitted:          July 6, 2010     

Date
Decided:             July 7, 2010