Petition for Writ of Mandamus Conditionally Granted, and Majority and
Dissenting Opinions filed January 16, 2009








 

Petition
for Writ of Mandamus Conditionally Granted, and Majority and Dissenting
Opinions filed January 16, 2009.

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00380-CV

____________

 

IN RE JAMES MADISON NABORS and JULIA NABORS, Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M A J O R
I T Y   O P I N I O N

In this
original proceeding, relators, James Madison Nabors and Julia
Nabors, seek a writ of mandamus ordering the respondent, the Honorable Michael
Schneider, to transfer the underlying case from Harris County to Fort Bend
County.  We conditionally grant the writ.

                                                               Background








On May
16, 2006, the Texas Department of Family Protective Services (ATDFPS@) placed T.D.P. and D.E.P. with the
Naborses, who became their foster parents.  On August 22, 2007, the trial court
signed a final order in a suit to terminate the parental rights of T.D.P. and
D.E.P.=s biological parents.  TDFPS was
named the sole managing conservator.  On October 26, 2007, the children were
removed from the Naborses= home on allegations of abuse.  TDFPS informed the Naborses
that A[b]ased on the information gathered,
it was determined that you had no role and the investigation was closed.@  The children were not returned to
the Naborses= home.  

On
November 9, 2007, the Naborses filed, in Harris County, a petition for adoption
and motion to modify the parent-child relationship with an accompanying motion
to transfer venue to Fort Bend County.[1]   In their
motion, the Naborses alleged that Fort Bend County has been the children=s principal residence and Ahas been in that county during the
six-month period preceding the commencement of this suit.@[2]  On December 19, 2007, TDFPS filed
an answer.  Prior to a hearing on February 4, 2008, TDFPS filed a response to
the motion to transfer supported by an affidavit.  The trial court denied the
motion to transfer venue.[3]  

 








                                                       Standard of Review

In order
to obtain mandamus relief, the relator must show that the trial court clearly
abused its discretion, and the relator has no adequate remedy by appeal.  In
re Sw. Bell Tele. Co., L.P., 226 S.W.3d 400, 403 (Tex. 2007) (orig.
proceeding). A trial court has no discretion in determining what the law is or
applying the law to facts.  Walker v. Packer, 833 S.W. 2d 833,840 (Tex.
1992).  The transfer of a suit-affecting the child-parent relationship to a
county where the child has resided for more than six months is a mandatory
ministerial duty.  Proffer v. Yates, 734 S.W.2d 671, 673 (Tex. 1987). 
Therefore, a writ of mandamus is available to compel the mandatory transfer of
a suit affecting the parent-child relationship.  Id. at 672. 

                                               Motion to Transfer venue 

Because
the 315th District Court of Harris County was the court of continuing
jurisdiction based on the suit to terminate parental rights, the Naborses filed
their motion to modify, petition for adoption, and motions to transfer in that
court.  See Tex. Fam. Code Ann. '' 103.001(a) (Vernon 2002) (an
original suit shall be filed in the county where the child resides unless
another court has continuing exclusive jurisdiction); 155.001 (Vernon 2002) (a
court acquires continuing, exclusive jurisdiction over the matters provided for
by this title in connection with a child on the rendition of a final order). 
The Naborses sought to transfer the case to Fort Bend County on the assertion
that the children had resided there for more than six months preceding the
filing of the motion to modify and the petition for adoption.  Section 155.201
of the Texas Family Code provides for the mandatory transfer of a proceeding on
a motion to modify as follows: 








(b) If a suit to modify or a motion
to enforce an order is filed in the court having continuing, exclusive
jurisdiction of a suit, on the timely motion of a party the court shall, within
the time required by Section 155.204, transfer the proceeding to another county
in this state if the child has resided in the other county for six months or
longer.  

Tex. Fam. Code Ann. ' 155.201(b) (Vernon Supp. 2008)
(emphasis added).

The
Naborses contend the trial court had a ministerial duty to sever and transfer
all proceedings pertaining to the children to Fort Bend County because the
children had lived with them in Fort Bend County for the requisite length of
time. TDFPS contends the Naborses did not present any evidence to support their
motion to transfer venue to Fort Bend County, arguing that the Naborses failed
to submit an affidavit that contained sufficient averments.   

Venue Rules








TDFPS
contends the rules governing transfer of venue in a suit affecting parent-child
relationship are a combination of the Texas Family Code, the Texas Civil
Practice & Remedies Code, and the Texas Rules of Civil Procedure.  Relying
on the venue statute found in Chapter 15 of the Texas Civil Practice &
Remedies Code and the Texas Rules of Civil Procedure, TDFPS asserts that venue
questions are decided solely on the pleadings and affidavits, not on live
testimony.  See Tex. Civ. Prac. & Rem. Code Ann. ' 15.064 (Vernon 2002) (AThe court shall determine venue
questions from the pleadings and affidavits.@); Jack B. Anglin Co. v. Tipps,
842 S.W.2d 266, 269 n.4 (Tex. 1992) (orig. proceeding) (explaining that live
testimony may not be considered at a venue hearing under Rules 87 and 88 of the
Texas Rules of Civil Procedure).  However, transfer procedures under the Texas
Family Code are the exclusive mechanism for transferring suits affecting
the parent-child relationship and were designed to supplant the regular venue
rules.[4]  Therefore,
we need not consider the Naborses= motions to transfer venue under
other statutes or the Rules of Civil Procedure.  See Mendez, 761 S.W.2d
at 521 (rejecting contention that trial court should have considered motion to
transfer, which was filed in contempt proceeding for failure to pay child
support, under Rule 86 of the Texas Rule of Civil Procedure and Chapter 15 of
the Texas Civil Practice and Remedies Code).

Section
155.204 of the Family Code provides that the Amotion must contain a certification
that all other parties, including the attorney general, if applicable, have
been informed of the filing of the motion.@  Tex. Fam. Code Ann. ' 155.204(a) (Vernon 2002).  Section
155.204 does not require that the motion be verified or supported by an
affidavit.  See In re Sanchez, 1 S.W.3d 912, 915 (Tex. App.CWaco 1999, orig. proceeding) (A[A] motion to transfer [under section
155.204] does not have to be verified nor must it be supported by an affidavit.@).[5] 


The Children=s Residence

At the
hearing on the motion to transfer, relator, James Nabors, testified that TDFPS
placed the children with him and his wife on May 16, 2006, and the children
resided with them in Fort Bend County for seventeen months.  The Naborses
contend TDFPS failed to controvert their venue averments. 








TDFPS
contends its affidavit controverts the Naborses= venue facts.  We note that TDFPS did
aver that the children were Anot currently residing with the Naborses, and have not since
October 26, 2007.@  However, there is no dispute that the children resided in
Fort Bend County for approximately seventeen months before TDFPS removed them from
the Naborses= household.  TDFPS contends that it designated the Naborses= home as the children=s residence on a temporary basis
only. The TDFPS bases a major portion of its venue argument on the assertion
that the Aprincipal residence@ of the children has always been Harris County because
section 103.001(c) provides that a Achild resides in the county where the
child=s parents reside.@  Tex. Fam. Code Ann. ' 103.001(c).  TDFPS contends it
should be denominated the Aparent@ of the children because it was appointed sole managing
conservator. 

However,
the Texarkana and the Amarillo Courts of Appeals have rejected similar
arguments made by TDFPS.  First, In re Kerst, 237 S.W.3d 441, 442 (Tex.
App.CTexarkana 2007, orig. proceeding),
presents a somewhat similar scenario in which TDFPS sought and obtained
termination of the parental rights.  TDFPS placed the children with the Kersts
who lived in Bowie county.  Id.  After a disagreement arose between
TDFPS and the Kersts, the children were removed from the Kersts= home. Id.  Subsequently, the
Kersts filed a motion to modify the conservatorship and motion to transfer
venue from Hopkins county (where the court had continuing jurisdiction) to
Bowie County. Id.  In their motion, the Kersts alleged that the children
had lived in Bowie County for more than six months.  Id.  It was
undisputed that the children had lived with the Kersts, in Bowie County, for
approximately seventeen months prior to the date the Kersts filed their motion
to transfer venue, which the trial court denied.  Id.  








The
court of appeals rejected TDFPS=s assertion that the Legislature never intended for the
proceedings to be transferred to the county where the foster parents resided
with the children.  Id. at 443B44.  TDFPS argued that, until the
statute was amended, foster parents had no standing to assert these rights and,
when the Legislature granted such standing, it was not contemplated that foster
parents would be allowed to seek and obtain a transfer to the county where they
resided with the children.  Id.  But, the court of appeals concluded
that the statute requiring the mandatory transfer of a suit affecting the
parent-child relationship to the county where the child has resided for six
months or longer is straightforward and clear, and declined to accept TDFPS=s invitation to surmise that the
statute has some other meaning.  Id. at 444.  

The
appellate court further rejected TDFPS=s argument that the children had not Aresided@ in Bowie County, but were placed
there merely for foster care, reasoning A[i]t cannot be argued that they were
only temporarily absent from another, more permanent residence, since these
children had no other home or residence.@  Id. at 444B45.  The court of appeals held that
the children had resided in Bowie County for more than six months and directed
the trial court to transfer the proceedings.  Id. at 445.  

Second, In
re Gore presents the same scenario in which the original court of
continuing jurisdiction in Potter County named TDFPS the managing conservator. 
No. 07-07-0290-CV, 2007 WL 2403366, at *1 (Tex. App.CAmarillo Aug. 23, 2007, orig.
proceeding) (mem. op.).  TDFPS placed the child in the foster care of the Gores
in Swisher County.  Id.  After the child had lived with the Gores for
more than six years, the Gores filed a petition seeking termination of the
parent-child relationship between the child and her parents in the court in
Potter County.  Id.  After the case had been transferred to Swisher
County, TDFPS sought and received a discretionary transfer of the case back to
Potter County.  Id.  Because it was undisputed that the child had
resided in Swisher County more than six months, the court of appeals held that
Swisher County was the only county of proper venue and the case should not have
been transferred back to Potter County.  Id. at *2. 








Similar
to Kerst and Gore, it is undisputed that the children had resided
in Fort Bend County with the Naborses for more than six months preceding the
date the motion to modify and petition for adoption were filed.  Therefore, we
reject TDFPS=s argument that the children resided in Harris County and their residence
in Fort Bend County was temporary.  See Kerst, 237 S.W.3d at 444B45.  

Convenience Of The Parties

The
Naborses pleaded, alternatively, that the district court in Fort Bend County
would be more convenient because all parties and witnesses reside in Fort Bend
County.  Section 155.202(b) provides that, A[f]or the convenience of the parties
and witnesses and in the interest of justice, the court, on the timely motion
of a party, may transfer the proceeding to a proper court in another county in
the state.@  Tex. Fam. Code Ann. ' 155.202(b) (Vernon 2002).  At the hearing, the trial court
stated that the motion to transfer was discretionary, and it was denied. 
However, as we have concluded, the issue in this case is mandatory venue
transfer because it is undisputed that the children lived with the Naborses in
Fort Bend County for six months or longer.  See Kerst, 237 S.W.3d at 443
(rejecting TDFPS=s argument that forum non conveniens may be relied upon to
deny mandatory transfer of proceedings). 

Construction Of Section 155.201(b)  

TDFPS
focused its appellate argument on the contention that this court should deny
the petition because relators failed to comply with applicable rules of
procedure.  In other words, TDFPS argues that the trial court could not
consider anything other than the contentions in the Naborses= motion to transfer venue supported
by timely filed affidavits.  We have addressed those arguments, however, the
dissent opines that our disposition violates certain venue provisions in the
family code because the children did not reside in Fort Bend County on the day
or at the moment the Naborses filed their motion to transfer venue.  See
post at p. 1.   We respectfully disagree. 








The
children resided with the Naborses for approximately seventeen months before
TDFPS moved them to Harris County.  They were placed in Harris County
approximately two weeks before the Naborses filed their motion to transfer
venue.  Obviously, at the time of the hearing, the children had resided in the Aother county for six months or
longer.@  Tex. Fam. Code Ann. ' 155.201(b); see also Kerst,
237 S.W.3d at 445 n.6. (AGenerally, one designates residence by selecting a home and
living in it. Here, the Department designated that the children would live at
the Kersts= home, where they remained for seventeen months.  It was their principal
residence for the six‑month period preceding the commencement of the suit
to modify.@). [6]  








In
support of her proposed interpretation of venue provisions in the family code,
our dissenting colleague analyzes and compares the verb tense Ahas resided@ in the last phrase in the provision
for mandatory venue under section 155.201(b) with the verb tense Aresides@ in the provision for discretionary
venue under section 155.202 (a).  The dissent  relies heavily on verb tense
employed by the Legislature in section 155.202(a)Cthe discretionary venue transfer
provisionCto support her conclusion that a section 155.201(b) mandatory transfer is
necessarily based on an allegation that A>the child resides in another
county.=@  See post at pp.
5-6.   First, in interpreting the express provisions of section 155.201(b), we
have not supplied additional words.[7]  In section
155.201(b), the Legislature conspicuously did not express any requirement that
the children presently or currently reside in the other county.  If the
Legislature had desired that the child currently reside in the other county at
the time a proceeding is commenced, it could have included such language.
Second, any attempt to interpose additional requirements for mandatory venue by
suggesting that legislative intent is implicit because of a verb tense employed
in the discretionary transfer subsection, strains the rules of statutory
construction.[8]   Under the
plain language in section 155.201(b) the Legislature does not require that the
children currently reside in the other county, only that they Ahave resided@ there for six months or longer when the modification
suit is filed. See id. [9] 

The
majority chooses to follow the Legislature=s clear instructions for determining
the county of the children=s residence prescribed as follows:

Determining
County of Child=s Residence 

In
computing the time during which the child has resided in a county, the court
may not require that the period of residence be continuous and uninterrupted
but shall look to the child=s principal
residence during the six-month period preceding the commencement of the suit. 

Tex.
Fam. Code Ann. '155.203 (Vernon Supp. 2008)








Our interpretation and
application of the above language properly focuses on determination of the
children=s Aprincipal residence@ during the six month period.  We duly regard the
Legislature=s instructions not to focus on time and location of the children on a
particular day.  In determining the county of principal residence we focus on
elements of permanency for the children which are critical to establishing residency
for venue purposes.  See Martinez  820 S. W. 2d at 940B41 (applying former section 11.06(b),
which had language similar to  sections 155.201(b), 155.202(a) and 155.203, and
opining that child=s principal residence is not determined by this six-month
period, but six-month period may be a guide in determining whether new county
of residence is intended to be principal, as opposed to merely temporary
residence).  The record in this case indicates the Naborses fed, clothed and
provided a home for the children in Fort Bend County during the relevant period
of time.  Our dissenting colleague places emphasis on the last phrase in
section 155.203 in order to justify her verb tense analysis of sections
155.201(b) and 155.202(a) with the suggestion that Aduring the six month period preceding
the commencement of the suit@ means the children must currently
reside in the other county or venue will not be mandatory in the other county.
The dissent=s interpretation is repugnant to the purpose of section 155.203.  The
dissent implicitly concludes that the children=s principal residence will never be
in the county where they were actually residing during the statutory six month
period if they are simply spirited away from that residence to another county
before a motion to transfer venue is filed.








The
dissent contends our interpretation of section 155.201(b) conflicts with In
re T.J.L., 97 S.W. 3rd 257 (Tex. App.BHouston [14th Dist.] 2002,
no pet.).  We are referred to page 264 of that opinion with our dissenting
colleagues=s statement that this court construed section 155.201(b) to Arequire that the child be a resident
of the other county at the time the suit to modify was filed.@ See post at p. 11.  First,
T.L.J., pertained to the question of whether transfer of venue as to one
child is required when not all children of a marriage live in the county to
which transfer is sought.  Our court concluded that Section 155.207(b) of the
Family Code requires a court to transfer the proceedings affecting a child to
the county where the child resides, even if it retains jurisdiction over
another child of the marriage who does not live in the transferee county.  The
T.L.J. court did not interpret or apply section 155.201(b) to answer the
specific question presented in this case.   Moreover, the court relied on  Cassidy
v. Fuller, 568 S.W. 2d 845 (Tex. 1978) when it referred to section
155.201(b).[10]








Finally,
our dissenting colleague=s effort to construe sections 155.201(b) and 155.203 by
relying on certain language in Blacklock v. Miller is likewise
misplaced.  693 S.W.2d 651 (Tex. App.CDallas 1985, orig. proceeding).  In
that case, the Dallas Court of Appeals cited and relied on Chem-Spray
Aerosols, Inc. v. Edwards[11] to support
its conclusion that A[t]he critical time with regard to the existence of venue
facts is the time of filing suit.@  Id. at 652.  However, Chem-Spray
Aerosols is not a family law case,[12]
and it is well-established that the Family Code=s transfer provisions supplant the
rules of procedure and statutes governing venue challenges in other types of
civil cases.  See Leonard, 654 S.W.2d at 441.  Therefore, the general
rules for establishing venue in civil cases are not applicable to suits
affecting the parent-child relationship.  See, e.g., In re
Sanchez, 1 S.W.3d at 914B15 (rejecting argument that motion to transfer venue was
untimely because affidavit in support of motion was not served until long after
answer date as Family Code does not require that motion to transfer be verified
or supported by affidavit); Mendez, 761 S.W.2d at 521 (refusing argument
that trial court should have considered motion to transfer venue under Rule 86
of Texas Rules of Civil Procedure and Chapter 15 of Texas Civil Practice and
Remedies Code).              

                                                                 Conclusion

We hold
venue for these proceedings is mandatory in Fort Bend County. Once the Naborses
established that the children continuously resided in Fort Bend County for more
than six months preceding the filing of the motion to modify and petition for
adoption, the trial court had a ministerial duty to transfer the underlying
case to Fort Bend County under section 155.201(b) of the Family Code.  See
Proffer, 734 S.W.2d at 673.  We therefore conditionally grant the petition
for a writ of mandamus and direct the trial court to vacate its order denying
the Naborses= motion to transfer, and grant the same.  

The writ
will issue only if the trial court fails to act in accordance with this
opinion.

 

 

 

 

/s/        Charles Seymore

Justice

 

 

Panel consists of Justices Frost,
Seymore, and Guzman (Frost, J., dissenting). 









[1]  The original petition for adoption and the motion to
transfer venue were filed under the original cause numberC2005-07431J.  On November 12, 2007, the Harris County
District Clerk notified the Naborses=
attorney that it was assigning a new cause number to the petition for adoptionC2007-69035.  The Naborses filed another motion to
transfer under the new cause number.  The motion to modify the parent-child
relationship and the accompanying motion to transfer were filed under the
original cause numberC2005-07431J.  It appears that the trial court
proceeded on the motion to transfer filed with the motion to modify.  





[2]  The
Naborses averred that the children=s
principal place of residence has been Fort Bend County during the six
month period preceding commencement of the suit. They did not allege or aver
that the children currently reside in Fort Bend County.





[3]  We have not found the trial court=s written order denying the Naborses= motion to transfer venue in the appellate record. 
However, at the end of the hearing, the trial court stated, AOkay.  Then I=m
going to deny your motion to transfer . . . I am going to not transfer the
case.@  Texas Rule of Appellate Procedure 52.3(j)(1)(A)
requires Aa certified or sworn copy of any order complained of, or
any other document showing the matter complained of  . . .@ Tex. R. App. P. 52.3(j)(1)(A) (emphasis added).  An
oral ruling on the record satisfies the requirements of Rule 52.3(j)(1)(A).  In
re Bill Heard Chevrolet, Ltd., 209 S.W.3d 311, 314 (Tex. App.CHouston [1st Dist.] 2006, orig. proceeding); In re
Bledsoe, 41 S.W.3d 807, 811 (Tex. App.CFort
Worth 2001, orig. proceeding); In re Hamrick, 979 S.W.2d 851, 852 n.3
(Tex. App.CHouston [14th Dist.] 1998, orig. proceeding). 





[4]  See Leonard v. Paxson, 654 S.W.2d 440, 441 (Tex. 1983) (orig. proceeding); In
re Leder, 263 S.W.3d 283, 286 (Tex. App.CHouston
[1st Dist.] 2007, orig. proceeding); Kirby v. Chapman, 917 S.W.2d 902,
907 (Tex. App.CFort Worth 1996, no writ); Martinez v. Flores,
820 S.W.2d 937, 938 (Tex. App.CCorpus Christi 1991, orig. proceeding); Johnson v.
Pettigrew, 786 S.W.2d 45, 48 (Tex. App.CDallas
1990, no writ); Mendez v. Attorney Gen. of Tex., 761 S.W.2d 519, 521
(Tex. App.CCorpus Christi 1988, no writ); Beyer v. Diaz,
585 S.W.2d 359, 360 (Tex. Civ. App.CDallas
1979, no writ).  





[5]  The Naborses prepared and filed an affidavit in
support of their petition for writ of mandamus.  However, we do not consider
this affidavit because it was not submitted to the trial court.  Cf. Nguyen
v. Intertex, Inc., 93 S.W.3d 288, 293 (Tex. App.CHouston [14th Dist.] 2002, no pet.) (AThe attachment of documents as exhibits or appendices
to briefs is not formal inclusion in the record on appeal and, therefore, the
documents cannot be considered.@).





[6]  The dissent opines that our interpretation conflicts
with the plain language in section 155.201(b) because the Legislature
envisioned there would be Aonly one other
county.@ See post at p. 12.   Our colleague erroneously
suggests the majority=s interpretation contemplates that a transfer of venue
includes any county in which a child had resided for a period of six months no
matter how remote in time to commencement of the proceeding.  Contrary to the
dissent=s criticism, our interpretation limits rather than Apromotes@
forum shopping.  Apparently, in applying section 155.201(b), the dissent would
conclude that a party could thwart a motion to transfer venue by removing
children from one county to the other for few days or even a few hours.  We
disagree.  If, as the dissent suggests, a motion to transfer should be denied
because a child has resided in the county where the court has continuing
jurisdiction for a single day, then the result may be altered by a battle or
race to remove a child from one county to the other.  Our dissenting colleague
would allow the TDFPS to venue shop from one county to the other by exercising
its authority to remove a child from any foster home in advance of adoption
proceedings. 





[7] Notwithstanding the concerns of our dissenting
colleague, there is no language militating that the children reside in the
other county Athroughout@
the six month period or at the moment the motion to transfer is filed 
Apparently, the dissent is willing to add the word  Athroughout@ to
the statute. See post at p. 1. 





[8] Consistent with the legislature=s instruction under the Code Construction Act, we
should not focus on verb tense in determining legislative intent because words
in the present tense include the future tense.  See Tex. Gov=t Code Ann. '
311.012 (Vernon 2005). 





[9]  Under the Texas Code Construction Act, A[w]ords and phrases shall be read in context and
construed according to the rules of grammar and common usage.@  Tex. Gov=t
Code Ann. ' 311.011 (Vernon 2005).  Our dissenting colleague
ignores this basic rule by engaging in grammatical semantics.  We choose to
follow the legislative admonition and presumption that, Aa just and reasonable result is intended,@when a statute is enacted. Id.





[10] In Cassidy v. Fuller, the Supreme Court
addressed the predecessor statute to section 155.201(b)Csection 11.06(b).  568 S.W.2d 845 (Tex. 1978).  When
the Supreme Court issued Cassidy, section 11.06(b) required a showing
that venue was proper in another county.  See Act of May 25, 1973, 63rd
Leg., R.S., ch. 543, 1973 Tex. Gen. Laws 1411, 1414.  Former section 11.04,
which is currently section 103.001, required that an original suit affecting
the parent-child relationship Ashall be
brought in the county where the child resides.@  Id. at 1413.  The current section 155.201(b) does not require
that the party seeking a transfer to show venue is proper in the transferee
county and does not require that the child reside in the transferee county on
the same day a motion to modify is filed.  Tex. Fam. Code Ann. ' 155.201(b).  Here, a motion to modify and petition
for adoption were filed, not an original suit affecting the parent-child
relationship.  Consequently, we see no conflict with our interpretation of the
statutory language applicable to this case and the Supreme Court=s opinion in Cassidy.  





[11] 
576 S.W.2d 478 (Tex. Civ. App.CHouston [14th Dist.] 1979, writ dism=d).





[12]  Id. at 480.  The general venue statute at the
time of the Chem-Spray Aerosols opinion was located at Tex. Rev. Civ.
Stat. Ann. art. 1995, and is currently found in Section 15.002 of the Texas
Civil Practice and Remedies Code.  Tex. Civ. Prac. & Rem. Code Ann. ' 15.002 (Vernon 2002).