NUMBER 13-10-006-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 

 

IN RE: WILLIE RIVERA, III

 


On Petition for Writ of Mandamus.

 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Vela


Memorandum Opinion by Justice Vela



 In this original proceeding, relator, Willie Rivera, III (Willie), challenges the trial
court's failure to transfer venue in a suit affecting the parent-child relationship under the
family code. See Tex. Fam. Code. Ann. §§ 155.201(b) (providing for transfer of venue in
suits to modify or enforce); § 155.204 (setting forth the procedure for motions to transfer
venue under the family code). (Vernon 2008 and Supp. 2009). We conditionally grant the
petition for writ of mandamus.

I. Background

 Willie filed a petition to modify parent-child relationship on June 23, 2009 in
Cameron County, seeking to modify a November 1, 2005 order in a suit affecting parent-


child relationship. Through the modification motion, he sought to be appointed the sole
managing conservator or alternatively the joint managing conservator with the right to
designate the residence of his two minor children. On that same date, relator also filed a
motion to transfer venue from Cameron County to Harris County. He alleged that the two
children had resided continuously in Harris County beginning December 18, 2008. His
motion to transfer venue was supported by his affidavit averring that the children had
resided in Harris county with him since December 18, 2008. 

 Angelica Rivera, the real party in interest and mother of the two children, was served
with the petition on July 10, 2009. She then filed a general denial on July 30, 2009. On
October 15, 2009, she filed a response in opposition to the motion to transfer venue. In
her response, she suggests that she is the better parent and that Willie was only supposed
to have had possession of the children for a thirty day period and had kept them without
her consent. She attached an affidavit stating that she had never consented to a transfer
of conservatorship and the children have been kept by Willy against her will. The docket
sheet, appended to the petition for writ of mandamus as an exhibit, reflects that the motion
to transfer venue was denied on November 19, 2009. There is no record from any hearing
that might have taken place with respect to the motion to transfer venue.

II. Standard of Review 

 Mandamus is an extraordinary remedy, which is available only when a trial court has
clearly abused its discretion. See In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36
(Tex. 2004). An erroneous denial of a mandatory venue transfer under the family code is
subject to mandamus relief without a showing that relator has an adequate remedy by
appeal. See Tex. Fam. Code Ann. § 155.204(h) (providing that an order transferring or
refusing to transfer is not subject to interlocutory appeal); Proffer v. Yates, 734 S.W.2d
671, 672 (Tex. 1987) (orig. proceeding) (noting that mandamus has been available to
compel mandatory transfer in suits affecting parent-child relationships for "a number of
years"); In re Kerst, 237 S.W.3d 441, 443 (Tex. App.-Texarkana 2007, orig. proceeding)
(considering the erroneous denial of a mandatory transfer of venue under section
155.201(b) of the family code).

III. The Family Code

 Willie moved to transfer venue based on section 155.201(b), which provides that:


 If a suit to modify or a motion to enforce an order is filed in the court having
continuing, exclusive jurisdiction of a suit, on the timely motion of a party the
court shall, within the time required by section 155.204, transfer the
proceeding to another county in this state if the child has resided in the other
county for six months or longer.


 Section 155.204(b) provides the procedure for transfer as follows:


 Except as provided by Subsection (a) or Section 262.203, a motion to
transfer by a petitioner or movant is timely if it is made at the time the initial
pleadings are filed. A motion to transfer by another party is timely if it is
made on or before the first Monday after the 20th day after the date of
service of citation or notice of the suit or before the commencement of the
hearing, whichever is sooner. 


 Section 155.204 (c) states that:

 If a timely motion to transfer has been filed and no controverting affidavit is
filed within the period allowed for its filing, the proceeding shall, not later
than the 21st day after the final date of the period allowed for the filing of a
controverting affidavit, be transferred without a hearing to the proper court. 


 With respect to the time period for filing a controverting affidavit, section 155.204(d)
of statute requires:

 On or before the first Monday after the 20th day after the date of notice of
a motion to transfer is served, a party desiring to contest the motion must
file a controverting affidavit denying that grounds for the transfer exist. 






IV. Analysis

 In this case, the motion to transfer venue to Harris county was properly filed with the
initial pleading on June 23, 2009. Angelica was served with the modification and motion
to transfer venue on July 10, 2009. She filed her original answer on July 30, 2009. 
However, she did not file her opposition to the motion to transfer venue and controverting
affidavit until October 15, 2009. She does not dispute that the children have resided with
Willie for more than six months; rather she argues that he has kept them past the time he
was supposed to. The record shows only that Willie gained possession of the children
because the Department of Family and Protective Services "had opened up a case against
my former spouse as a result of allegations of negligent supervision and drug use." 
Angelica attached a child safety evaluation and plan from the Department of Family and
Protective Services that stated that she was placing the children with Willie until CPS
advised her that they could return. 

 If an action to modify an order is filed in a court having continuing jurisdiction of a
suit, then a court shall transfer the proceeding to the county in which the child has resided
for six months or longer. Id. § 155.201(b). Such a transfer is a mandatory ministerial duty. 
Proffer v. Yates, 734 S.W.2d at 673. Although the concept of continuing exclusive
jurisdiction is a basic premise in the family code, it is subject to a mandatory exception
where a child has resided in another county for more than six months. In re Compton 185
S.W.3d 526, 530 (Tex. App.-Houston [14th Dist.] 2006, orig. proceeding). The Compton
court suggests that the continuing, exclusive jurisdiction concept is "subordinate to the
policy dictating that matters affecting the parent-child relationship be conducted in the
county where the child resides." Id.


 Here, Angelica was served with the petition seeking modification and motion to
transfer venue on July 10, 2009. It remained uncontroverted until she filed an affidavit on
October 19, 2009. The statute required her to controvert "on or before the first Monday
after the 20th day after the date of notice of a motion to transfer is served." Id. §
155.204(d). The motion to transfer was served on July 10, 2009. She had until August 4,
2009 to file a controverting affidavit, but she did not. Accordingly, the trial court had a
ministerial duty to transfer the case to Harris County.

V. Conclusion

 Because we conclude the trial court had a ministerial duty to grant the relator's
motion to transfer venue, we conditionally grant the petition for writ of mandamus. Our writ
will issue only if the trial court fails to enter an order transferring the underlying case to
Harris County. 



 ROSE VELA

 Justice


Delivered and filed the 2nd 

day of February, 2010.