CHEM–SPRAY AEROSOLS, INC., Appellant,

v.

Martha A. EDWARDS, Appellee.

No. 1904.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 3, 1979.

Rehearing Denied Jan. 24, 1979.

Andrew F. Spalding, William Fred Hagans, Bracewell & Patterson, Houston, for appellant.

R. M. Sharpe, Jr., Robert Hanley, Houston, for appellee.

J. CURTISS BROWN, Chief Justice.

In this products liability suit, the trial court overruled the defendant manufacturer's plea of privilege, sustaining venue in Brazoria County under subsection 4 of the venue statute.

Martha A. Edwards (appellee), was injured while using a can of WD–40 aerosol spray. She sued Chem-Spray Aerosols, Inc. (appellant), whose home office is in Harris County, and G. A. Wilson (Wilson), a resident of Brazoria County when suit was filed there. The principal theories of liability were strict liability in tort and breach of implied warranties. Appellant, a manufacturer of the suspect spray, filed a plea of privilege to be sued in Harris County, however the plea was denied by the trial court.

■ The general rule that a defendant has a right to be sued in the county of his residence or domicile is subject to numerous exceptions. Tex.Rev.Civ.Stat.Ann. art. 1995 (1964). The party seeking to sustain venue other than in the county of defendant's residence has the burden of establishing the applicability of one of the exceptions. *Compton v. Elliott,* 126 Tex. 232, 88 S.W.2d 91 (1935); *Socony Mobil Co., Inc. v. Southwestern Bell Tel. Co.,* 518 S.W.2d 257 (Tex.Civ.App.—Corpus Christi 1974, no writ).

■ Under the exception contained in subdivision 4 of article 1995, the venue facts to be established are: (1) one defendant is a resident of the county of suit; (2) the party asserting the plea of privilege is a proper party to the claim against the resident defendant; and (3) the plaintiff is asserting a bona fide claim against the resident defend-

ant. *Stockyards Nat. Bank v. Maples,* 127 Tex. 633, 95 S.W.2d 1300 (1936); *Socony Mobil, supra* ; McDonald, Texas Civil Practice, § 4.10.2 (1965). The first question presented is whether the appellee proved the residence of any defendant in Brazoria County. In its findings of fact, the trial court found G. A. Wilson was a resident of Brazoria County when suit was filed. The critical time with regard to the existence of venue facts is the time of filing suit. *Socony Mobil, supra,* at 264; *Chesbrough v. State,* 465 S.W.2d 224 (Tex.Civ.App.—San Antonio 1971, no writ); *Haney v. Henry,* 307 S.W.2d 649, 653 (Tex.Civ.App.—Amarillo 1957, no writ). Thus, "[t]he death of a codefendant gives no right to surviving defendants to raise the propriety of the venue under the altered circumstances." McDonald, Texas Civil Practice, § 4.06(a) (1965). The evidence produced at the hearing on the plea of privilege supports the trial court's finding that Wilson was a resident of Brazoria County when suit was filed. Wilson's subsequent death would not affect this determination.

■ In order to prove a bona fide claim in strict liability in tort against Wilson, the appellee would have to show that Wilson was engaged in the business of selling such products at the time of sale; that the product was expected to reach a user or consumer without substantial change in the condition in which it was sold; that the product contained a defect; that the defect existed at the time Wilson relinquished control of the product; and that the defect was a producing cause of the appellee's injuries. *McKisson v. Sales Affiliates, Inc.,* 416 S.W.2d 787 (Tex.1967); Restatement (Second) of Torts, § 402(a) (1965). *See also, Ethicon, Inc. v. Parten,* 520 S.W.2d 527 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); *Heilicoid Gage Div. of Am. Chain & Cable Co. v. Howell,* 511 S.W.2d 573 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n. r. e.). Appellant argues there was no evidence to show the existence of a defect when the product left the control of Wilson, the resident defendant, and no evidence to show the defect was a producing cause of the appellee's injuries.

■ In considering a no evidence point, it is our duty to consider only the evidence favorable to the finding of the trial court and if there is any evidence of probative force to support the finding, it is binding and conclusive. *Lee v. Lee,* 424 S.W.2d 609 (Tex.1968). The evidence presented at the hearing was that the appellee purchased a can of WD–40 from G. A. Wilson's Western Auto Associate Store in Brazoria County. As she prepared to use the spray for the first time five days after purchase, she removed the protective cap and pressed the button on the top of the can. The button flew off, allowing the spray to escape. A source of ignition present in the same room about ten to fifteen feet away from appellee caused the escaping spray to ignite and burn the appellee. Appellee has thus shown that the questioned product consisted of an aerosol can WD–40, the triggering device to which was enclosed in a protective cap at the time of purchase. She has further shown that the triggering device was the source of the defect. "When it is shown that the product involved comes in a sealed container, it is inferable that the product reached the consumer without substantial change in the condition in which it was sold." *McKisson, supra,* at 792. Appellant has not rebutted the inference and therefore it is applicable here. That inference, in addition to appellee's testimony, provides probative evidence in support of the trial court's finding of a defect existing at the time of sale that was a producing cause of the appellee's injuries. Therefore, the trial court's finding of a bona fide claim in strict liability in tort against Wilson was sufficiently supported by the evidence, and venue was properly sustained in Brazoria County under subsection 4 of article 1995. On that basis the trial court's decision is affirmed.

Affirmed.