

# NUMBER 13-13-00038-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE B.L. AND S.L.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Per Curiam Memorandum Opinion[1]

Relators, B.L. and S.L., [2] filed a petition for writ of mandamus and a motion for emergency stay in the above cause on January 28, 2013.[3] Through this original proceeding, relators contend: (1) that temporary orders issued by the trial court should

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] Given the nature of this original proceeding as arising from a parental-rights termination and adoption case, the Court will identify the parties by initials only. *See* TEX. R. APP. P. 9.8(b).

[3] Relators filed a "Motion for Leave to File Petition for Writ of Mandamus" with their petition. Relators' motion for leave to file their petition for writ of mandamus is dismissed as moot. The Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave to file an original proceeding. *See generally* TEX. R. APP. P. 52 & cmt.

be vacated because the orders are contrary to an agreement reached by the parties; and (2) the trial court's failure to appoint an ad litem or amicus attorney for minors G.L.P.-A., L.A., and M.B.A., was an abuse of discretion. By emergency motion, the relators seek to stay the temporary orders insofar as the orders grant M.A., the minors' biological father, the rights contained in a standard possessory order.

To be entitled to the extraordinary relief of a writ of mandamus, the relators must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relators have the burden of establishing both prerequisites to mandamus relief. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). This burden is a heavy one. *See In re Epic Holdings, Inc.*, 985 S.W.2d 41 (Tex. 1998) (orig. proceeding).

As a general rule, mandamus will not issue to compel an action that has not first been demanded and refused. *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding); *Terrazas v. Ramirez*, 829 S.W.2d 712, 723 (Tex. 1991) (orig. proceeding). Further, it is well established that arguments not presented to the trial court will not be considered in a petition for writ of mandamus. *In re Am. Optical Corp.*, 988 S.W.2d 711, 714 (Tex. 1998) (orig. proceeding). Finally, in examining whether to grant mandamus relief, the reviewing court does not consider affidavits or other materials that were not submitted to the trial court. *See In re Nabors*, 276 S.W.3d 190, 194 n.5 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding); *cf. Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and,

therefore, the documents cannot be considered."); *see also In re Sierra Title of Hidalgo Co.*, Nos. 13-10-055-CV & 13-10-099-CV, 2010 Tex. App. LEXIS 1982, at **1-2 (Tex. App.—Corpus Christi Mar. 18, 2010, orig. proceeding) (mem. op.).

The Court, having examined and fully considered the petition for writ of mandamus and the motion for emergency stay, is of the opinion that relators have not shown themselves entitled to the relief sought under the foregoing standard of review. Accordingly, the petition for writ of mandamus and motion for emergency stay are DENIED without prejudice. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the 28th
day of January, 2013.

3