**Petition for Writ of Mandamus Denied in part, Abated in Part, and Memorandum Opinion filed March 12, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00172-CV

## IN RE GOVERNMENT EMPLOYEES INSURANCE COMPANY, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**113th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-50385**

## M E M O R A N D U M   O P I N I O N

On March 1, 2019, relator Government Employees Insurance Company filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Rabeea Sultan Collier, presiding judge of the 113th District Court of Harris County, to vacate (1) a June 28, 2018 order signed by the predecessor judge, the Honorable Michael Landrum, denying relator's motion to sever and abate certain

claims; and (2) a February 25, 2019 order compelling relator to produce its "claims notes" and "Claims handling Procedures" and ordering sanctions for failing to produce those documents pursuant to an earlier order signed by the predecessor judge.[1]

Regarding the discovery and sanction orders, relator asserts that Judge Collier, in an oral ruling at the February 25, 2019 hearing, ordered it to produce the "claims notes" and "Claims Handling Procedures." According to relator, Judge Collier also sanctioned relator by assessing $3,750 in costs and attorney's fees for alleged discovery abuse, payable within five days of the hearing, and assessing $500 for each day relator does not produce the "claims notes" and "Claims Handling Procedures," beginning on February 26, 2019.

Relator bears the burden of providing a record showing its entitlement mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Texas Rule of Appellate Procedure 52.3(k)(1)(A) requires the relator to provide a "certified or sworn copy of any order complained of, or any other document showing the matter complained of[.]" Tex. R. App. P. 52.3(k)(1)(A). An oral ruling on the record satisfies the requirements of Rule 52.3(k)(1)(A). *In re Nabors*, 276 S.W.3d 190, 192 n.3 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding). Relator, however, has provided neither a verified copy of an order

---

[1] Judge Landrum signed an order on September 5, 2018, noting that relator had not provided the "claims notes" and "Claims Handling Procedure Manual" to the trial court for in camera inspection and finding that real party in interest was entitled to review those documents under a protective order that restricted access to counsel only. The parties were ordered to submit an appropriate agreed protective order by September 21, 2018. The parties filed a "Stipulation and Confidentiality Agreement" on September 20, 2018. Apparently, the documents were not exchanged and motions to compel, motions for sanctions, and motions for reconsideration followed.

signed by Judge Collier nor a copy of a reporter's record containing Judge Collier's oral discovery and sanction rulings. Therefore, relator has not satisfied its burden to bring a record sufficient to establish its entitlement to mandamus relief. We further note that having been directed on September 5, 2018, to attempt to reach agreement on a protective order applicable to the "claims notes" and "Claims Handling Procedure Manual," and having filed such an agreement on September 20, 2018, relator did not seek reconsideration until December 13, 2018, and did not seek mandamus relief in our court until March 1, 2019. Accordingly, we deny the petition as it relates to the alleged discovery and sanctions rulings and address the remaining requests for mandamus relief below.

Relators also requested a stay of the discovery and sanction orders that are the subject of the petition for writ of mandamus and a stay of show cause hearings that were to occur on Monday, March 4, 2019, and Thursday, March 7, 2019. We already have denied these requests by separate order.

Relator also seeks mandamus relief from the order denying relator's motion to sever and abate its claims from the remainder of the suit, which Judge Landrum signed on June 28, 2018, and is contained in our record.[2] Mandamus will not issue against a new judge for what a former one did. *See* Tex. R. App. 7.2(b); *see also In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 228 (Tex. 2008) (orig. proceeding). In an original proceeding in which a predecessor judge is no longer on the bench, we typically abate the case to allow the successor judge the opportunity to reconsider the predecessor judge's ruling. Tex. R. App. P. 7.2(b). According to

---

[2] Judge Landrum ceased to hold office of the judge of the 113th District Court on January 1, 2019.

relator, it has filed a motion requesting Judge Collier to reconsider the severance issue. Again according to relator, Judge Collier heard the motion on January 18, 2019, but has not ruled on the motion. Judge Collier should be afforded the opportunity to do so. *See In re Blevins*, 480 S.W.3d 542, 544 (Tex. 2013); *In re Gonzales*, 391 S.W.3d 251, 252-52 (Tex. App.—Austin 2012, orig. proceeding).

Accordingly, as to the challenged June 28, 2018, severance order, we abate this proceeding for twenty-one days from the date of this order and instruct respondent judge to take whatever actions and hold whatever further hearings the court determines are necessary for it to rule on the motion for reconsideration. The trial court shall cause its order on reconsideration to be filed with the clerk of this court no later than **April 2, 2019**. *See In re Blevins*, 480 S.W.3d at 544; *In re Gonzales*, 391 S.W.3d at 252-53.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jewell and Bourliot.